E-FILED
Wednesday, 26 August, 2020  01:31:26 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| MICHAEL ANDERSON,             ) | |
|     **Plaintiff,**                            ) | |
|                                                       ) | |
| v.                                                 )      **Case No. 1:20-cv-01233-MMM** | |
|                                                       ) | |
| ILLINOIS RIVER CORRECTIONAL CENTER,   ) | |
|     **Defendant.**                         ) | |

**ORDER**

Plaintiff *pro se*, Michael Anderson, who is incarcerated at Illinois River Correctional

Center ("River"), filed a motion for a preliminary injunction [1], which the Court construes as a

motion for temporary restraining order.

**I. LEGAL STANDARD**

The purpose of a temporary restraining order and ultimately a preliminary injunction is to

preserve the status quo pending a final hearing on the merits of the case. *American Hospital*

*Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). "The standards for issuing temporary

restraining orders are identical to the standards for preliminary injunctions." *Anthony v. Village*

*of South Holland*, 2013 WL 5967505, * 2 (N.D. Ill. Nov. 8, 2013). "To determine whether a

situation warrants such a remedy, a district court engages in an analysis that proceeds in two

distinct phases: a threshold phase and a balancing phase." *Girl Scouts of Manitou Council, Inc. v.*

*Girl Scouts of United States of America, Inc.*, 749 F.3d 1079, 1085-86 (7th Cir. 2008).

"To survive the threshold phase, a party seeking a preliminary injunction must satisfy

three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 965 (7th Cir. 2018)

(quoting *Girl Scouts*, 549 F.3d at 1086). The movant must show that: "(1) absent a preliminary

1

injunction, [he] will suffer irreparable harm in the interim period prior to final resolution of [his] claims; (2) traditional legal remedies would be inadequate; and (3) [his] claim has some likelihood of succeeding on the merits." *Id*.

After the moving party satisfies each of the threshold requirements, the Court proceeds to the balancing phase. *Id*. at 966. The balancing phase requires a court to weigh "the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*. (internal quotation marks omitted).

The Prison Litigation Reform Act (PLRA) limits the scope of the Court's authority to enter an injunction in the corrections context. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## II. INJUNCTIVE RELIEF

Plaintiff briefly describes his attempts to receive medical care for a "knot" on his testicle that was discovered during his August 2019 imprisonment at Centralia Correctional Center. Plaintiff contends that unidentified officials at River denied him medical treatment for his condition, which prompted Plaintiff to file for injunctive relief. However, Plaintiff does not provide any facts to satisfy his threshold burden. Accordingly, the Court denies Plaintiff's motion for injunctive relief.

Given Plaintiff's *pro se* status and the content of his motion, the Court directs the Clerk of the Court ("Clerk") to mail Plaintiff the Court's standard Complaint form and the Court's

Application to Proceed without Prepayment of Fees and Affidavit. If Plaintiff intends to file suit regarding the lack of medical care, he must fill out the complaint per the provided instructions and pay the $400 filing fee. Acceptable forms of payment include money orders or a cashier's checks, which should be made out to the "U.S. District Court" and mailed to 201 S. Vine Street, Urbana, IL. 61802. If Plaintiff does not have the funds to pay the filing fee, he can file an Application to Proceed without Prepayment of Fees and Affidavit, which the Court commonly refers to as a "petition to proceed *in forma pauperis*." Plaintiff's petition to proceed *in forma pauperis* must include his trust fund ledgers for the past six months. The Court grants Plaintiff thirty days from the date of this order to file his complaint and either pay the $400 filing fee or file a motion for leave to proceed *in forma pauperis*. If Plaintiff does not comply with the imposed deadline, the Court will dismiss this case without prejudice. If Plaintiff requires additional time, he may file a motion for extension of time on or before the deadline date. The Court directs the Clerk to provide Plaintiff the forms necessary to assist him.

The Court admonishes Plaintiff that before filing suit in this Court, Plaintiff must exhaust all his administrative remedies. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (concluding that if an inmate fails to follow the grievance procedures, his claims will not be exhausted but instead, forfeited); *see also* 42 U.S.C. § 1997e(h) ("[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

**IT IS THEREFORE ORDERED:**

    1) **The Court DENIES Plaintiff's motion for temporary restraining order [1].**

2) **The Court *sua sponte* GRANTS Plaintiff thirty days from the date of this order to file a complaint and either pay the $400 filing fee or file a motion for leave to proceed *in forma pauperis*. If Plaintiff does not comply with the imposed deadline or request an extension of time before the period expires, the Court will dismiss this case without prejudice.**

3) **The Court DIRECTS the Clerk to provide Plaintiff the required forms.**

ENTERED August 26, 2019.


s/ Michael M. Mihm

_____

**MICHAL M. MIHM**
**UNITED STATES DISTRICT JUDGE**